UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:14-cr-00062-TWP-DML |
| ) | |
| DUSTIN ELI BYRER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

**INTRODUCTION**

The sentencing Court was correct to impose a lifetime term of supervised release at sentencing. It did so to ensure that Byrer will respect the law and ensure that children will be kept safe. Those reasons under Section 3553(a) remain true today. Even more so now that the defendant has a young daughter with whom he seeks more freedom and better access. The defendant's motion should be denied.

**BACKGROUND**

In July of 2006, during Operation Emissary, in Newark, New Jersey, agents discovered and shut down a website advertising itself as "illegal CP." This website clearly advertised hardcore child pornography. These agents were able to access the site and identify internet users who purchased memberships. One such member identified was Dustin Eli Byrer. A credit card issued in his name was used to purchase the membership.

On May 3, 2007, agents went to the defendant's home located in Bonita Springs, Florida, and defendant Dustin Eli Byrer agreed to speak with them. Byrer stated that he graduated from Tampa Technical Institute with a degree in computers. He built the current computer that he spent the majority of his time working on. When Byrer was asked by agents whether he purchased memberships to internet sites, he replied "some teenage stuff' and "sometimes it gets younger than that." When agents asked Byrer if any were prepubescent, Byrer replied "yes." When agents asked if there were videos, Byrer replied "yes."

Agents asked Byrer if he was currently a member to any online sites, Byrer replied yes and stated Usenet.com. Byrer pays $19.00 a month for this file-sharing program, which is billed directly to his credit card. Byrer stated he purchased the membership to download music, but then used it for pictures. When asked what type of pictures were available on Usenet.com, Byrer replied by stating that most are adults, but you can tell that some are going to be younger. Byrer stated that he has seen some as young as what he believed to be four year olds. When the agents asked Byrer if he ever downloaded these type of pictures, Byrer stated he would click on the pictures but would not save them to files although he knew that it was still saved within the computer's memory. Byrer stated he never put any posts on Usenet.com and just used it "to look and search."

When the agents asked Byrer if he ever heard of the internet site "lllegalCP.com," Byrer stated "no." The agents asked Byrer if he knew what "CP" stood for, Byrer stated "child pornography." The agents asked Byrer what terms he used to search for his porn, Byrer replied that he used, "ten or webcam." When asked what other search term he uses to find child porn, Byrer replied that he used, "PTHC or preteen."

Further, defendant Dustin Eli Byrer signed a consent to search form for his computer. Additionally, defendant Dustin Eli Byrer stated that he had downloaded two videos of child pornography earlier that morning from Powerusenet.com and that they could be found in the Powerusenet folder on his desktop.  Byrer stated one of the videos was an hour in length while the other was only 5 minutes.  Byrer stated the videos were of a 13 year old girl and a 9 year old girl.  Byrer stated that he used the search term "hussy" to find the videos.

On July 5, 2007, a grand jury returned an Indictment charging the defendant with two counts of Receiving a Visual Depictions Involving the Sexual Exploitation of Minors, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).  (Doc. No. 1, 2:07-cr-84-MMH-DNF)

On November 1, 2007, the defendant entered a plea of guilty to Count Two of the Indictment.  (Doc. No. 30)

On February 1, 2008, the defendant was sentenced to a term of 82 months imprisonment, with supervise release for a term of life to follow.  (Doc. No. 44)  The Court ordered, as an additional condition of supervised release, that the defendant participate as directed in a program of mental health treatment, including sexual offender treatment program.  Further, the defendant was ordered to register with the state sexual offender registration agency where he resides, visits, is employed, carries on a vocation, or is a student and submit to a DNA collection as directed. The defendant was ordered to participate in a substance abuse program and to submit to random drug testing.  The defendant was ordered not to have direct contact with minors, and to refrain from entering into any area where children frequently congregate, including schools, daycare centers, theme parks, and playgrounds.  The defendant was prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude

and/or in sexually explicit positions.  The defendant was ordered not to possess or use a computer with access to any online service at any location without the written approval from the probation officer.  Further, as a condition of supervised release, the defendant is required to submit to a search of his person, residence, place of business, computer, or vehicle by the United States Probation Office, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release.  (*Id*.)

On April 21, 2014, an order was issued by this Court transferring jurisdiction to the Southern District of Indiana for supervised release.  (Doc. No. 60.)

On May 27, 2014, a Request for Modification of the Conditions or Term of Supervision was filed by the United States Probation Office.  In the request, United States Probation Officer informed this Court that following a search of the defendant's place of employment, they discovered that the defendant had access to the internet on two computers and an external hard drive on which the defendant possessed pornography.  Byrer admitted to searching the computer after his co-workers left for vague terms such as "girls in yoga pants".  In Byrer's apartment there were K2 spice packets and a pipe.  There was also an empty spice packet found in Byrer's car.  Byrer's girlfriend was pregnant with his daughter at this time.  The child was due in a matter of days.  Byrer was in this thirties.

The defendant filed his Motion for Reduction of Term of Supervised Release on August 7, 2020. (Dkt. No. 12, 1:14-cr-62-TWP-DML).  However, the relief the defendant requests in his motion is termination rather than modification

4

## APPLICABLE LAW

Pursuant to Title 18, United States Code, Section 3583(e):

The court may, after considering the factors set forth in Section 3553(a)(l), and (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

(1) Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

(2) Extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision....

18 U.S.C. § 3583(e).

The Section 3553(a) factors guide the Court's analysis in setting the length of a term of supervised release. 18 U.S.C. § 3583(c); *United States v. Kappes*, 782 F.3d 828, 837 (7th Cir. 2015).

Further, the United States Sentencing Guideline 5D1.2 contains the following policy statement:

"If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended. "  (U.S.S.G. 2018)

## ARGUMENT

The Court should deny the defendant's Motion.

At the time of the defendant's sentencing in this case, the Court imposed a sentence that is sufficient, but not greater than necessary, after considering all of the factors set forth in Title 18, United States Code, Section 3553. (*Id.*).  Following a consideration of the nature and circumstances of the offense as well as all other factors, the Court imposed a term of supervised release for life and prohibited the defendant from accessing the internet.  Although a possible justification, and certainly always a hope, rehabilitation did not appear to be central to the Court's rationale.  This makes sense, given that a term of lifetime supervision presumes that, even despite the possibility of rehabilitation, some supervision of the defendant will always be in the public interest.  That is what the Court decided here when it sentenced Byrer – lifetime supervision would deter his misconduct, protect children, and give parents a sense of security.  And this is consistent with the policy statement from Congress, urging Courts to sentence sex offenders to the maximum term of supervision under the statute.

Terminating Byrer's supervised release to grant him freer access to his young daughter cuts against the policy recommendations and the Court's rationale entirely.  Further, his misconduct means he is a greater risk, not a lesser one.

By having a United States Probation Officer supervise the defendant while he is on a life term of supervised release, the defendant is continuing to receive sexual offender treatment and

6

the public is better protected from further crimes of the defendant. While on supervision, the defendant is no longer able to access the internet to search for and view images of child pornography while secluded in his home, as his person and residence are subject to be searched at any time that probation has a reasonable suspicion of contraband or evidence of a violation of a condition of release. This is particularly important where the defendant is sophisticated in the use of computers and technology.

The defendant claims that being a registered sex offender provides adequate supervision. The government disagrees. Registration is not supervision.

Of greatest concern is the fact that the defendant is now a father to a young girl, approximately six-years-old. At the time the defendant violated his conditions in numerous ways, his daughter was days away from being born and incredibly vulnerable. This did not deter the defendant. Nor did it lead him to an extra level of caution or self-control. His daughter, his motion states, is the primary reason for his request for early termination. The defendant requests more and unfettered access to her, including freedom to travel with her to Florida. The United States Probation Office has been providing accountability for the defendant in his contact with this little girl. Contrary to his claims, Byrer has been permitted to be a father to her through the use of supervised visits. Termination of his supervision would remove that accountability. Though the defendant claims that, at 24-years-old when he offended, he was not "cognizant enough about the harms of pornography like this on the victims it produce(s)", it would be incredibly difficult to view the rape and sexual abuse of 4-year-old and 9-year-old girls without recognizing the *physical*, let alone, emotional trauma being inflicted on them. This did not stop him from amassing hundreds of images of the rape and sexual abuse of children.

Girls have sleepovers. They have friends come over to play or to stay. The defendant cannot be unaware of this reality and yet request that this Court remove his accountability completely. In fact, Byrer describes his supervision as almost exclusively punitive. The purpose of the supervised release program is to provide an offender with the opportunity to experience freedom and to build a law-abiding lifestyle for himself while still under the regular supervision of U.S. Probation Office. *United States v. Dillard*, 910 F.2d 461, 465 (7th Cir. 1990). The Seventh Circuit has noted that supervised release is "a period of conditional liberty" during which a defendant must adhere to the imposed conditions. *United States v. Temple*, 464 Fed. Appx. 541, 543 (7th Cir. 2011). The regular supervision of the U.S. Probation Office serves many functions, including assisting the offender in securing job placement and counseling services, and providing the community with a consistent monitor of defendants' activities to ensure they are not sliding back into a life of crime.

The defendant sees his supervision as a punishment. This is informative of whether the defendant is truly an appropriate candidate for early termination when considering the factors set forth in 18 U.S.C. § 3553(a). Supervised release provides the defendant with access to services such as treatment and testing from officers that want nothing more than for him to succeed. (provide needed treatment in the most effective manner). Probation provides a constant reminder that Byrer is accountable for his actions (deterrence) and provides an incentive to be the best father he can be. In a time in which access to images of child rape and abuse can be nearly instantaneous on your personal cellular device, this should be welcome support to Byrer. (protect the public from further crimes of the defendant).

8

***

In short, the defendant provides no adequate argument or evidence to support his request for termination of his supervised release. Taken to its logical conclusion, the defendant's argument is simply that, a carefully considered sentence made by a Court with substantial evidence before it, should be drastically altered when a defendant wants greater freedom, less accountability and disagrees with the sentence. That is not a sound argument.

## CONCLUSION

The United States respectfully asks that the Court deny the defendant's Motion in its entirety.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: s/ Amanda Kester
Amanda Kester
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, a copy of the foregoing Government's Response in Opposition to Defendant's Emergency Motion for Release was filed electronically. Notice of this filing will be sent to the applicable parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: s:/Amanda Kester
Amanda Kester
Assistant United States Attorney