UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cr-00062-TWP-DML |
| | ) |
| DUSTIN ELI BYRER, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR TERMINATION OF SUPERVISED RELEASE**

This matter is before the Court on Defendant Dustin Eli Byrer's ("Byrer"), *pro se* Motion for Reduction in Term of Supervised Release pursuant to 18 U.S.C. § 3583(e) (Dkt. 12). Byrer seeks termination of his lifetime ordered supervised release. For the reasons explained below, the Motion is **denied**.

## I. DISCUSSION

Byrer was convicted of Receiving a Visual Depiction Involving the Sexual Exploitation of Minors in the Middle District of Florida on February 1, 2008. He was sentenced to 82 months of imprisonment, supervised release for life, and a $5,000.00 fine. The fine has been paid. His term of supervised release began on March 12, 2013. Byrer requested transfer of his supervised release and this Court accepted jurisdiction on April 7, 2014. He has been on supervised release for over seven years. He seeks termination of supervised release asserting that he is now rehabilitated, he desires to spend more time with his six year old daughter, and he will still be monitored because he is required to register as a sex offender for the rest of his life. (Dkt. 12 at 19-20.)

The Government opposes the Motion and argues,

> [T]he sentencing court was correct to impose a lifetime term of supervised release at sentencing. It did so to ensure that Byrer will respect the law and ensure that

> children will be kept safe. Those reasons under Section 3553(a) remain true today. Even more so now that the defendant has a young daughter with whom he seeks more freedom and better access.

(Dkt. 15 at 1.) The Government disagrees with Byrer's assertion that being a registered sex offender provides adequate supervision, because registration is not supervision. *Id*. at 7.

The Court has conferred with Byrer's probation officer. Byrer shared with the probation officer that he sought permission for release from the U.S. Bureau of Prisons to the Southern District of Indiana because Florida did not allow sex offenders to release early to residential re-entry centers (a/k/a "halfway houses"). The officer reports that Byrer has had several issues with compliance during his seven years of supervision. He has viewed pornography, accessed the internet for unapproved purposes, used marijuana, and there have been instances when he has not followed sex offender treatment conditions. As a consequence, he served a term at the Volunteers of America from July 8, 2016, to December 20, 2016. Since that time, he has been more consistent in making better decisions. He successfully completed sex offender treatment in 2018 and has maintained consistent employment and he has gradually been granted more supervised visits (in frequency and duration) with his now six year old daughter.

However, during supervision, Byrer has failed some polygraphs and passed other polygraphs with admissions to minor non-compliance that have been addressed in sex offender treatment or with his probation officer. He passed his most recent polygraph, without any admissions, on February 3, 2020; however, he missed his polygraph scheduled for August 20, 2020. The appointment has been rescheduled for September 3, 2020. That this is not the first time he has missed a polygraph appointment shows the Court that Byrer is still working on taking responsibility for his obligations and actions.

The Court determines that Byrer's request to terminate lifetime supervision, is premature. If he were a sex offender without minor children and had been a model person under supervision, the Court would be more inclined to reduce the term of supervision more reflective of what sex offenders in the Southern District of Indiana might receive today at sentencing. However, Byrer was convicted of possessing over 600 images of child pornography, as well as two videos which depicted child pornography, and who avoided releasing to Florida – which has a reputation for more stringent sex offender restrictions. He chose to procreate soon after his supervision began even though he was in a short-term relationship and unstable in many ways. He struggled with compliance in sex offender treatment and on supervised release in the early years. While he has progressed in many areas over the years, supervision has appropriately served as guardrails on the curvy highway Byrer has taken in life. Polygraphs and the fear of being put back in sex offender treatment continue to help hold Byrer accountable for his decisions and actions. These guardrails may be needed until his daughter reaches her 18th birthday. For these reasons, the Court **denies** the Motion.

## II.   CONCLUSION

For the reasons set forth above, Byrer's *pro se* Motion for Reduction in Term of Supervised Release pursuant to 18 U.S.C. § 3583(e) (Dkt. [12]), is **DENIED**.

**SO ORDERED.**

Date:   9/2/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dustin Eli Byrer
339 Deville Place
New Whiteland, Indiana   46184

Amanda Kester
UNITED STATES ATTORNEY'S OFFICE
amanda.kester@usdoj.gov

United States Probation Office